IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

WILLIA DEAN "DEANIE" PARKER,
individually and ROSE BANKS,
individually and as successor-in-interest
to HOMER BANKS,

    Plaintiffs,

v.

    Docket No.

MERVYN "MUFF" WINWOOD,
SPENCER DAVIS, and
STEVE WINWOOD
individually and collectively as
THE SPENCER DAVIS GROUP;
KOBALT MUSIC PUBLISHING;
UNIVERSAL-SONGS OF
POLYGRAM INTERNATIONAL, INC,

    Defendants.

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

    Comes now Plaintiffs Willia Dean "Deanie" Parker and Rose Banks for their Complaint against Mervyn "Muff" Winwood, Spencer Davis, and Steve Winwood, individually and collectively d/b/a The Spencer Davis Group; Kobalt Music Publishing America, Inc.; and Universal Songs of Polygram International, Inc., and states as follows:

### PARTIES

    1.    Plaintiff Willia Dean "Deanie" Parker is an individual and resident of Shelby County, Tennessee.

    2.    Plaintiff Rose Banks is an individual and resident of Shelby County, Tennessee.

1

3. Upon information and belief, Defendant Mervyn "Muff" Winwood is a musician and citizen of Great Britain.

4. Upon information and belief, Defendant Spencer Davis is a musician and citizen of Great Britain.

5. Upon information and belief, Defendant Steve Winwood is a musician and resident of the State of Tennessee.

6. Defendants Mervyn "Muff" Winwood, Spencer Davis, and Steve Winwood performed and recorded collectively as The Spencer Davis Group between 1963 and 1967.

7. Kobalt Music Publishing America, Inc. ("Kobalt") is a corporation organized under the laws of the state of Delaware, with its principal place of business located at 220 West 42nd Street, 11th Floor, New York, NY, 10036.

8. Kobalt may be served through its registered agent for service of process, C.T. Corporation System, 111 Eighth Avenue, New York, NY, 10011.

9. Universal-Songs of Polygram International, Inc. ("Universal") is a corporation organized under the laws of the state of Delaware with its principal place of business located at 2100 Colorado Avenue, Santa Monica, CA 90404.

10. Universal-Songs of Polygram International, Inc. may be served through its registered agent for service of process, C.T. Corporation System, 818 West Seventh Street Suite 930, Los Angeles CA, 90017.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §§ 1331 and 1338(a) in that the controversy arises under the Copyright Act

and Copyright Revision Act of 1976 (17 U.S.C. § 501), actions under which are within the exclusive jurisdiction of federal courts under 28 U.S.C. § 1338.

12. This Court has personal jurisdiction over each of the Defendants on the grounds that Defendants, Defendants' agents, and/or Defendants' personal representatives: (a) are residents of Nashville, Tennessee, maintain a principal place of business in Nashville, Tennessee, or maintain business operations in Nashville, Tennessee on a regular and continuous basis, such that any assertion of personal jurisdiction by this Court would not constitute unfair surprise; (b) regularly conduct business in the State of Tennessee through the direct or indirect licensing of rights to perform, publish, market, distribute, sell, or otherwise disseminate the song "Gimme Some Lovin';" and/or (c) by forming contracts in the State of Tennessee or contracting for specific performance in this state. Service of process on any Defendant without an address in Tennessee, or an agent for service of process in Tennessee, is proper pursuant to the Tennessee long arm statute, T. C. A. § 20-2-214, which extends the limits of personal jurisdiction imposed by the Due Process Clause to reach such Defendants. *Payne v. Motorists' Mutual Ins. Cos.*, 4 F.3d 452, 455 (6th Cir. 1993).

13. Venue is proper in this District under 28 U.S.C. §§ 1391(b)(3) and 1400 because a substantial part of the events giving rise to the claim occurred in this District, Defendants and their agents are subject to the Court's personal jurisdiction, and Defendants have a sufficient connection with the Middle District of Tennessee to make venue proper in this District, as alleged in this Complaint.

# FACTS

14. Plaintiff Parker is a singer/songwriter, music producer, and past President and Chief Executive Officer for Soulsville Foundation, the nonprofit foundation which oversees the Stax Museum of American Soul Music, the Stax Music Academy, and the Soulsville Charter School in Memphis, TN.

15. Plaintiff Parker joined the sales staff of the Satellite Record Shop in 1963. She worked alternatively as a singer, songwriter, secretary, and publicist, for the Satellite Records label, and penned songs for artists such as Homer Banks, Otis Redding, and Sam and Dave. The Memphis Satellite Record label would become Stax Records in 1961, although the store retained its name.

16. Homer Banks joined the Satellite Record Shop sales staff in 1965, and worked for the Stax label as a singer/songwriter.

17. Plaintiff Banks is the widow of Homer Banks and his successor-in-interest.

**A.     "Ain't That A Lot of Loving"**

18. Plaintiff Parker co-wrote the musical composition "Ain't That A Lot of Loving" with Homer Banks in 1965.

19. The single, "Ain't That A Lot of Loving," was recorded by Homer Banks in 1966, and released in October of that year by Minit Records of New Orleans, LA.

20. The musical composition "Ain't That a Lot of Loving," is variously referred to as "Ain't That a Lot of Love," "Whole Lot of Lovin'," "A Lot of love," "A Lot of Lovin'," and "Lot of Love."

4

21. Plaintiff Parker and Homer Banks registered the musical composition "Ain't That A Lot of Loving" with the United States Copyright Office under the Copyright Registration Number EU 938803 on April 28, 1966. A true and accurate copy of the copyright registration for "Ain't That a Lot of Loving" is attached hereto as **Exhibit A**.

22. This registration was renewed timely on January 3, 1994. A true and accurate copy of the renewal registration is attached hereto as **Exhibit B**.

23. As named registrants of the work, Plaintiffs co-own, own, and/or administer the copyright to the words and musical composition of "Ain't That a Lot of Loving."

**B.    "Gimme Some Lovin'"**

24. Defendants Mervyn Winwood, Steve Winwood, and Spencer Davis, co-authored the musical composition, "Gimme Some Loving." "Gimme Some Loving" is often also identified as "Gimme Some Lovin'" or "Gimme Some Lovin."

25. In a November 1988 interview with former *Billboard* magazine Editor-in-Chief, Timothy White, Defendant Davis explained how the song came to be:

> "Gimme Some Lovin" was also written with an American perspective. We used to rehearse at the Marquee Club in London, and Muff had a bass riff from an old record by Homer Banks (the prolific Stax songwriter) called "Whole Lotta Lovin". I hadn't heard that song, but I thought the riff Muff was playing was fantastic. I added a G, A and C-minor to it, Steve played a Ravel's "Bolero" kind of thing, and Steve said to me, "Don't play major, play minors." The English version was a stark, haunting thing, but the American version, which everybody knows best, had backing vocals. It was number 2 in England and the only thing that kept it from number 1 was "Good Vibrations" by the Beach Boys. Steve and us had just the sound America craved!

The interview is reprinted in Timothy White's book, *Rock Lives: Profiles and Interviews,* 234 (1990). A true and accurate copy of the excerpt is attached hereto as **Exhibit C**.

26. Defendants registered the musical composition "Gimme Some Loving" with the United States Copyright Office, and identified its authors as Muff Winwood, Spencer Davis, and Steve Winwood, on December 12, 1966, under Copyright Registration Number EU 031746. A true and accurate copy of the copyright registration for "Gimme Some Loving" is attached hereto as **Exhibit D**.

27. Defendants Mervyn Winwood, Steve Winwood, and Spencer Davis, as members of the English music ensemble, the Spencer Davis Group, released the single "Gimme Some Loving," known alternatively as "Gimme Some Lovin'," in the United States on February 26, 1967.

28. "Gimme Some Lovin'" spent twenty weeks on the *Billboard* music charts "Hot 100" list of the one hundred most popular American Singles in 1966, peaking at number seven on the chart at the height of its American popularity.

29. The distinctive riff from Plaintiffs' "Ain't That a Lot of Loving" in Defendant's "Gimme Some Lovin'" has been noted by several music commentators. For instance, in *Grateful Dead and the Art of Rock Improvisation,* author David Malvinni notes that "The riff of Winwood and Spencer Davis's 'Gimme Some Lovin'' song is derived from Homer Banks's song 'Ain't That a Lot of Love.'" David Malvinni, *Grateful Dead and the Art of Rock Improvisation,* 39, n. 63 (2013).

30. Music historian Robert Gordon similarly noted in his book, *Respect Yourself: Stax Records and the Soul Explosion,* "The song ['Ain't That a Lot of Love']

6

Case 3:16-cv-00684  Document 1  Filed 03/29/16  Page 6 of 9 PageID #: 6

made little impression at the time, though by the mid-1960s, after a few copies made their way to England, the heavy staccato opening and soaring melody morphed into the Spencer Davis Group hit 'Gimme Some Lovin'.'"  Robert Gordon, *Respect Yourself: Stax Records and the Soul Explosion,* 100 (2013).

31. Defendants Kobalt and Universal, as music publishers, have contributed to the success of the Spencer Davis Group and the establishment of "Gimme Some Lovin'" as one of the group's signature songs in licensing the performance, publication, marketing, distribution, selling, or any other manner of disseminating the song "Gimme Some Lovin'."

## CAUSE OF ACTION
### (Copyright Infringement)

32. Plaintiffs repeat and re-allege the forgoing allegations as if set forth fully herein.

33. At all relevant times Plaintiffs have remained the copyright owners of the musical composition "Ain't That a Lot of Loving."

34. Plaintiffs have submitted and received the appropriate registrations for the "Ain't That a Lot of Loving" from the United States Copyright Office.

35. Defendants have infringed upon Plaintiffs' copyrights by knowingly incorporating the "riff" or distinct note pattern from "Ain't That a Lot of Love" into the song "Gimme Some Lovin' and disseminating that work without the approval or authorization the Plaintiffs.

36. Defendants had access to "Ain't That a Lot of Love" prior to creating "Gimme Some Lovin'."  Not only was "Ain't That a Lot of Love" popular in the United

7

States and Great Britain, but Defendant Davis has specifically admitted that he and Defendant Merwyn Winwood had access to "Ain't That a Lot of Love" and that they incorporated features of that composition into "Gimme Some Lovin'."

37. "Aint That a Lot of Love" is substantially similar to "Gimme Some Lovin'."

38. The elements of "Ain't That a Lot of Love" which Defendants incorporated into "Gimme Some Lovin'" are prominent features of "Gimme Some Lovin'" and greatly contributed to its popularity.

39. Defendants are liable to Plaintiffs for copyright infringement pursuant to 17 U.S.C. § 501.

40. As a result of Defendants' wrongful conduct, Plaintiffs have suffered, and continue to suffer a loss of profit, publicity, opportunity, and goodwill.

41. Because Plaintiffs registered the copyright for "Ain't That a Lot of Love" prior to Defendants' infringement thereof, Plaintiffs are entitled to recover statutory damages from Defendants pursuant to 17 U.S.C. § 412.

WHEREFORE, Plaintiffs respectfully pray for the following relief against Defendants:

1. An award of judgment determining that Defendants have infringed Plaintiffs' rights in their federally registered copyright in violation of 17 U.S.C. § 501;

2. An award of statutory damages under 17 U.S.C. § 504(c), against each Defendant, for each infringement of Plaintiffs' copyrights; and

3. Any additional award of damages proper under 17 U.S.C. § 504(d), against each Defendant, for each infringement in the preceding three years.

3. In the alternative, Plaintiffs seek compensatory damages in an amount to be determined at trial; and

4. Such other and further relief as the Court may deem equitable.

5. Plaintiffs demand that a jury be empaneled to decide all matters properly submitted to a jury.

Respectfully submitted,

**BURCH, PORTER & JOHNSON, PLLC**

s/Taylor A. Cates
Taylor A. Cates (#20006)
Burch, Porter & Johnson, PLLC
130 North Court Avenue
Memphis, TN 38103
(901) 524-5000

Attorney for Plaintiff