IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE

WILLA DEAN "DEANIE" PARKER, individually and
ROSE BANKS, individually, and as successor-in-
interest to HOMER BANK,

    Plaintiff,

vs.

MERVYN "MUFF" WINWOOD, SPENCER
DAVIS, and STEVE WINWOOD, individually and
collectively as THE SPENCER DAVIS GROUP,
KOBALT MUSIC PUBLISHING; UNIVERSAL-
SONGS OF POLYGRAM INTERNATIONAL, INC.,

    Defendants.

No. 3:16-cv-00684
Judge McCalla

**PLAINTIFFS' RESPONSE TO THE SUPPLEMENTAL
MEMORANDUM OF LAW IN SUPPORT OF STEVE WINWOOD,
KOBALT MUSIC & MERVYN WINWOOD'S MOTION FOR FEES & COSTS
PURSUANT TO LOCAL R. 54 & THE COPYRIGHT ACT, 17 USC § 505**

COME NOW the Plaintiffs Willa Dean "Deanie" Parker and Rose Banks, (collectively "Plaintiffs") and submit this Response to the Supplemental Memorandum of Law in Support of Defendants Steve Winwood, Kobalt Music Publishing ("Kobalt"), and Mervyn Winwood's (collectively "Defendants") Motion for Fees and Costs Pursuant to L.R. Rule 54 and the Copyright Act, 17 U.S.C. § 505, stating as follows:

### INRODUCTION

Defendants have prevailed both here in the district court and in the Sixth Circuit Court of Appeals. They now renew their request for attorney's fees and cost, positing that the defeat of

Plaintiffs' claims (1) entitles them to their fees and costs, which award is also warranted because Defendants (2) have "furthered the purposes of the Copyright Act—i.e., to protect the copyrights and deter infringement." (D.E. 126 at 6). Plaintiffs' respectfully disagree. Defendants' success does not automatically entitle them to their attorney's fees and costs. Section 505 of the copyright act explicitly vests discretion to issue such an award with this Court. 17 U.S.C. 505. Furthermore, this litigation is far less of a commentary on the Copyright Act than it is the Rules of Evidence. As extensively briefed here and on appeal, much if not most of Plaintiffs' case rested on several news articles containing Defendants' admissions of infringement which the Court found inadmissible. This case was not a vindication of Defendants' claims of independent creation.

## LAW AND ARGUMENT

The test for awarding fees under 17 U.S.C. § 505 against an unsuccessful plaintiff is whether, "weighing several nonexclusive factors … including frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case)" such an award is warranted. *Fogerty v. Fantasy, Inc*., 510 U.S. 517, 534 (1994)(internal quotations omitted). These factors must be viewed in light of "the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* Though a claim may ultimately prove meritless, "that does not make it "objectively unreasonable" as a matter of law or fact." *Fogerty v. MGM Grp. Holdings Corp*., 379 F.3d 348, 356-57. (6th Cir. 2004).

As argued in Plaintiffs' Response in Opposition to the Motion (D.E. 108), incorporated here by reference, Plaintiffs litigated under the belief that their evidence of infringement was no less than a "smoking gun." This Court's finding to the contrary, even as affirmed on appeal, does not undermine the reasonableness of this belief or the earnestness of Plaintiffs' motivations in pursuing their claims.

2

### A. Defendants are not entitled to an Award of Attorney's Fees as Prevailing Parties

Defendants claim entitlement to their fees while quoting from *Bridgeport Music, Inc. v. WB Music Corp.* that "fees and costs is the rule rather than the exception and they should be awarded routinely." 520 F.3d 588, 592 (6th Cir. 2008). Defendants note that such an award is discretionary, yet suggest that the exercise of such discretion is merely perfunctory. The decision in *WB Music Corp.*, contrary to Defendants' interpretation, does not stand for such a proposition. The case is instead "one of the rare instances in which a district court orders a party to pay attorneys' fees and costs in spite of finding that the party advanced an objectively reasonable legal claim or theory." *Id.* at 593. The Court noted that "it generally does not promote the purposes of the Copyright Act to award attorney fees to a prevailing defendant when the plaintiff has advanced a reasonable, yet unsuccessful claim." *Id.* It was the conduct of the *WB Music Corp.* plaintiff, not the success of the defendant, which justified the award in that case:

> The district court specifically pointed to Bridgeport's "pressing of a futile claim" as another part of the pattern of the company's "overly aggressive litigation tactics" which the district court had identified in its earlier opinion. R & R at 7. Other parts of this pattern include: filing a single complaint over 900 pages long with hundreds of separate claims and defendants; engaging in discovery abuses; abusing the summary judgment process by submitting massive statements of disputed facts which included legal conclusions and immaterial and argumentative assertions; and engaging in sharp pre-trial practices. This court has approved prior awards of fees and costs against Bridgeport in companion cases for similar reasons.

*Id.* at 593-94. None of the abuses found in *WB Music Corp.*, or in any of the other *Bridgeport* companion cases, are present here. Plaintiffs judiciously and prudently advanced their reasonable,

3

yet unsuccessful claims. At no point prior to the Court's decision on Defendants' dispositive motions did Plaintiffs' have any idea that they would not prevail. If anything, *WB Music Corp.* stands for the proposition that a litigant's bad behavior should not be rewarded.

In the instant litigation, it is Defendants' behavior that warrants deterrence and mitigates against an award of fees or costs. As set forth in more detail in Plaintiffs' Response to Defendants' Motion, Defendants refused to engage in discovery or even take part in good faith discussions regarding their outstanding responses and the depositions of their clients. Plaintiffs served discovery on April 26, 2017, including interrogatories, requests for production, and requests for admission. Plaintiffs also noticed the Defendants' depositions, letting Defense counsel know that they were flexible with regard to the location and time. At no point following service of this discovery, did Defendants move to stay, seek a protective order, or even consult with Plaintiffs' counsel in good faith about responding. On September 5, 2017, Plaintiffs moved to have their requests for admission deemed admitted. Only then did Defendants even attempt to respond, but only to the request for admission. Plaintiffs' interrogatories and requests for production remained five months overdue and outstanding. Believing that they would prevail on the pending dispositive motions, which might lead Defendants' to enter settlement negotiations, Plaintiffs did not move to compel Defendants' cooperation with discovery.

Plaintiffs' reasonable yet unsuccessful claims mitigate against an award of attorney's fees and cost. Defendants' misconduct during this litigation similarly suggests that any fee or cost award is unwarranted.

### B. This Litigation did Little to Advance the Twin Goals of the Copyright Act

Defendants seem to acknowledge the uniqueness of this court's holding on the evidentiary questions presented, characterizing the Sixth Circuit opinion affirming the Court's decision as the

application of "established rules of evidence to a novel factual situation." (D.E. 126 at 5). Though the decision undoubtedly advances a deeper understanding of the rules of evidence, particularly with respect to hearsay, it does little to advance the Copyright Act's twin goals of compensation and deterrence. As noted by Judge Bernice Donald, dissenting from the opinion of the Six Circuit's majority, Plaintiffs had evidence of striking similarity, notwithstanding the timing of its submission to the district Court. *Parker v. Winwood*, 938 F.3d 833, 844 (6th Cir. 2019). Indeed, the dissent went so far as to characterize the majority's refusal to give "Plaintiffs their deserved opportunity to present their case to a jury … [as] a grave injustice." *Id*. If the goal of the copyright act is to advance meritorious claims and deter frivolous actions, awarding Defendants here for succeeding on what amounts to an evidentiary technicality would not serve those aims. Plaintiffs failed to establish a prima facie case of infringement because they did not timely submit expert proof of their claims. This, however, does not mean their claims are frivolous, disingenuous, or unreasonable.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request the Court dismiss Defendants' Motion for Attorney's fees and costs.

Respectfully submitted,

BURCH, PORTER & JOHNSON, PLLC

 s/Lani D. Lester
Taylor A. Cates (#20006)
Lani D. Lester (#35226)
130 North Court Avenue
Memphis, Tennessee 38103
Telephone:    901-524-5000
Facsimile:     901-524-5024
*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

       I hereby certify that a true and correct copy of the foregoing document has been served on the following via the Court's electronic filing system this 10th day of December, 2019:

Jay S. Bowen
Rebekah Shulman
Shackelford Bowen McKinley & North, LLP
47 Music Square East
Nashville, TN 37203

                                            s/Lani D. Lester